IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GAI THI NGUYEN                                                          PLAINTIFF

v.                              Case No. 5:16-CV-05047

KENNAMETAL, INC.                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant Kennametal, Inc.'s ("Kennametal") motion for summary judgment (Doc. 46), brief in support of its motion (Doc. 47), statement of facts in support of its motion (Doc. 48), and supplement to its statement of facts. (Doc. 50). Plaintiff Gai Thi Nguyen filed a response in opposition to summary judgment (Doc. 51), a brief in support of her response (Doc. 52), a response to defendant's statement of undisputed facts (Doc. 53), and a statement of material facts in dispute in support of her response. (Doc. 54). Kennametal submitted a reply to Ms. Nguyen's response. (Doc. 55). For the reasons stated herein, Kennametal's motion for summary judgment will be granted.

**I.      Background**

On February 12, 2001, Kennametal hired Ms. Nguyen as a Centerless Grinder. (Doc. 48-1, p. 13). Ms. Nguyen's title later changed to Press Operator B, but her job duties did not change. (Doc. 48-2, p. 1). Ms. Nguyen remained in this position until her employment was terminated. (*Id.*).

During the course of her employment, Ms. Nguyen received multiple warnings for making false accusations about other employees. (Doc. 48-6, pp. 14-18). On August 4, 2014, during a shift safety talk, Ms. Nguyen accused her coworkers of messing with her lunch. (*Id.* at p. 14). After the shift safety talk, Ms. Nguyen's supervisor, George DuMond, and Human Resources

1

Manager Lynda Young met with her to discuss the incident. (*Id*.). Ms. Nguyen was described as being in a "hysterical state" during the meeting. (*Id*.). On August 5, 2014, Kennametal terminated Ms. Nguyen's employment. (Doc. 48-2, p. 2).

## II. Legal Standard for Summary Judgment

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

A plaintiff in an employment discrimination or retaliation case survives a motion for summary judgment either by providing direct evidence of discrimination or retaliation or by creating an inference of unlawful discrimination or retaliation using circumstantial evidence. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012); *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1020 (8th Cir. 2011). When, as is the case here, a plaintiff presents no direct evidence to support a claim of discrimination or retaliation, the claim is analyzed under the burden shifting framework

set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first present a prima facie case of employment discrimination or retaliation. *Pye*, 641 F.3d at 1021; *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007). Once the plaintiff has established a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its actions. *Pye*, 641 F.3d at 1021; *Ramlet*, 507 F.3d at 1153. The plaintiff must then demonstrate that the defendant's proffered reason is a pretext for unlawful discrimination or retaliation. *Pye*, 641 F.3d at 1021; *Miners v. Cargill Comms., Inc.*, 113 F.3d 820, 823 (8th Cir. 1997). To demonstrate a material question of fact regarding pretext, the plaintiff must show that the employer's explanation is unworthy of credence because it has no basis in fact or persuade the court that a prohibited reason more likely motivated the employer's decision. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011). Although the burden of production shifts between the parties, the burden of persuasion remains on the plaintiff at all times. *Fatemi v. White*, 775 F.3d 1022, 1041 (8th Cir. 2015).

## III. Analysis

Ms. Nguyen contends that there are genuine issues of material facts as to (1) whether she was discriminated against based on her race and national origin, (2) whether she was terminated in retaliation for reporting incidents and conduct which she believed to be unlawful, and (3) whether she was subject to harassment and a hostile work environment based on her national origin. (Doc. 51, p. 3). The Court will address each of these arguments in turn. Ms. Nguyen abandons her age discrimination claim and admits that her failure to promote claim is time barred. (Doc. 52, p. 10). Accordingly, the Court will not address these claims.

### A. Race and National Origin Discrimination

To establish a prima facie case of unlawful race or national origin discrimination under Title VII of the Civil Rights Act, a plaintiff must show that: "(1) she is a member of a protected class, (2) she met [employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 974 (8th Cir. 2012). In this case, the parties disagree about whether the second and fourth requirements of the prima facie case have been met.

Assuming, without deciding, that Ms. Nguyen has established a prima facie case of discrimination, summary judgment is still proper because Kennametal has articulated a legitimate nondiscriminatory reason for terminating her employment and she has not shown that Kennametal's proffered reason is pretext for unlawful discrimination.

Kennametal argues that it terminated Ms. Nguyen for

> (1) her inability to work in a team environment; (2) her violation of [Kennametal's] Communications Expectations Policy; (3) her insubordination during and after the August 4, 2014 meetings; and (4) her inability to improve despite progressive discipline.

(Doc. 47, p. 9). Kennametal supports this assertion with a number of undisputed facts[1] from the record. Ms. Nguyen was warned on multiple occasions that making false accusations regarding other employees tampering with her lunch or machine created a poor working environment. (Doc. 48-6, pp. 14-18). On March 25, 2014, Ms. Nguyen received a final warning which informed her that if she continued to make false accusations she would face further discipline, including possible termination. (Doc. 48-21). On August 4, 2014, during a shift safety talk, Ms. Nguyen accused her coworkers of messing with her lunch and had to be told several times that the meeting

---

[1] While Ms. Nguyen denies many of these facts in her response to Kennametal's statement of undisputed material facts (Doc. 53), she does not cite to particular parts of the record to demonstrate that the facts are genuinely disputed, as required by Federal Rule of Civil Procedure 56(c).

4

was not the appropriate time or place to discuss the accusations. (Doc. 48-6, p. 14). After the shift safety talk, Mr. DuMond and Ms. Young met with Ms. Nguyen to discuss the incident. (*Id*.). Ms. Nguyen was described as being in a "hysterical state" during the meeting. (*Id*.). Despite being told several times to clock out and go home, Ms. Nguyen would not leave until Ms. Young threatened to call the police and have her removed from the premises. (*Id*.). Ms. Young informed her that she would need to call human resources before returning to work. (*Id.*). On August 5, 2014, Kennametal terminated Ms. Nguyen's employment. (Doc. 48-2, p. 2).

Courts have held that an inability to get along with coworkers, insubordination, and violating a company policy are legitimate nondiscriminatory reasons for terminating an employee. *Putman v. Unity Health Sys.*, 348 F.3d 732, 736 (8th Cir. 2003) ("Our cases have repeatedly held that insubordination and violation of company policy are legitimate reasons for termination."); *Bainbridge v. Loffredo Gardens, Inc.*, 2003 WL 21911063, at *9 (S.D. Iowa July 31, 2003), *aff'd in part, remanded in part*, 378 F.3d 756 (8th Cir. 2004) ("An inability to get along with coworkers is a legitimate, non-discriminatory reason to terminate one's employment."). Accordingly, Kennametal has articulated a legitimate nondiscriminatory reason for terminating Ms. Nguyen's employment. This articulation rebuts a prima facie presumption. *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 259 (8th Cir. 1996).

Ms. Nguyen argues that "various pretexts were given" for terminating her employment. (Doc. 52, p. 9). Ms. Nguyen does not articulate why Kennametal's proffered reasons for terminating her employment were pretextual. Instead, she merely contends that Kennametal's proffered reasons are "all contrary to the evidence in the case and the conclusion of the Arkansas Appeal Tribunal." (*Id*.). After reviewing the supporting documents filed by Ms. Nguyen, the Court identifies two possible arguments regarding why Kennametal's proffered reasons are

pretextual: (1) "the Arkansas Appeal Tribunal concluded that [Ms. Nguyen] was 'discharged from last work for reasons other than misconduct in connection with the work'" and (2) "Ms. Nguyen identified by name certain individuals that received more favorable treatment than her and explained the circumstances thereof." (Doc. 54, pp.1-2). Both of these arguments fail.

First, the decision of the Arkansas Appeal Tribunal is inadmissible and cannot serve as evidence of pretext. The Arkansas Appeal Tribunal reviews whether claimants were properly denied benefits from the Unemployment Compensation Fund under Ark. Code. Ann. § 11-10-514. (Doc. 51-1). The Eight Circuit has long held that unemployment compensation documents are inadmissible. *McGrane v. Proffitt's, Inc.*, WL 34152087 at *10 (N.D. Iowa July 6, 2001) ("The Eighth Circuit has long held this type of evidence is inadmissible."). Accordingly, Ms. Nguyen cannot use the decision of the Arkansas Appeal Tribunal to demonstrate pretext. *See Buettner v. Arch Coal Sales Co.*, Inc., 216 F.3d 707, 717 (8th Cir. 2000) ("For a plaintiff to survive summary judgment, she must adduce enough admissible evidence to raise genuine doubt as to the legitimacy of a defendant's motive.").

Second, the individuals that Ms. Nguyen identified as receiving more favorable treatment than her were employees who received promotions that Ms. Nguyen had applied for. (Doc 49-1, pp. 41-42). Ms. Nguyen does not allege that these individuals were treated more favorably with regard to disciplinary actions or termination. Accordingly, Ms. Nguyen has not alleged any facts which could demonstrate pretext. *See Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 996 (8th Cir. 2011) (holding that plaintiff could not demonstrate pretext because she "failed to come forward with evidence of any remotely similarly-situated employee who was accused of remotely-comparable conduct and not fired").

The two arguments made by Ms. Nguyen do not show a genuine dispute over whether Kennametal's proffered reasons for firing her were pretext for unlawful discrimination based on race and national origin. *See Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005) ("We have recognized that the showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee … [plaintiff] is also required to show that the circumstances permit a reasonable inference to be drawn that the real reason [defendant] terminated him was because of his race.") (citations omitted). Accordingly, assuming that Ms. Nguyen could make a prima facie showing, she still cannot demonstrate that Kennametal's proffered reason is pretext for unlawful discrimination.

**B.     Retaliation**

To establish a prima facie case of retaliation a plaintiff must show that: "(1) [she] engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Weger v. City of Ladue*, 500 F.3d 710, 726 (8th Cir. 2007). In this case, the parties disagree about whether all of the requirements of the prima facie case have been met.

Assuming, without deciding, that Ms. Nguyen has established a prima facie case of retaliation, summary judgment is still proper because Kennametal has articulated a legitimate nonretaliatory reason for terminating her employment and she has not shown that Kennametal's proffered reason is pretext for unlawful retaliation.

As discussed above, Kennametal has articulated a legitimate nonretaliatory reason for terminating Ms. Nguyen's employment. Ms. Nguyen does not specifically argue that Kennametal's proffered reason is pretext for unlawful retaliation. However, even if Ms. Nguyen were to make this argument, it would fail. As discussed above, Ms. Nguyen has failed to make

any allegations showing a genuine dispute over whether Kennametal's proffered reasons for firing her were pretextual.

C. **Harassment and Hostile Work Environment**

Ms. Nguyen's harassment and hostile work environment claims are time barred.[2] Under Title VII, a plaintiff "shall" file an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC) 180 days after an "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *see also Nellums v. Pathfinder, Inc.*, 2012 WL 3560613 at *2 (E.D. AR. 2012) ("In order to pursue a Title VII action, plaintiffs generally must file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."). A hostile work environment claim will be time barred if none of the acts which constitute the claim fall within the 180 day time period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). Ms. Nguyen filed her EEOC charge on January 27, 2017. (Doc. 1, p. 10). In order for her harassment and hostile workplace claims to be timely, at least one of the acts constituting the claim must have occurred on or after August 1, 2014. However, the last instance of harassment alleged by Ms. Nguyen was that her coworkers messed with her lunch on July 31.[3] (Doc. 48-1, p. 34). Accordingly, Ms. Nguyen's harassment and hostile work environment claims are time barred and summary judgment is appropriate.

---

[2] Ms. Nguyen does not respond to Kennametal's argument that her harassment and hostile work environment claims are time barred. However, the Court chooses to address this argument.

[3] Ms. Nguyen's complaint states that the alleged discriminatory acts occurred on August 4, 2015. (Doc. 1, p. 6). However, this appears to reference the meeting with Mr. DuMond and Ms. Young and Kennametal's subsequent decision to terminate her employment, not the alleged harassment by her coworkers. Accordingly, in order to file timely harassment and hostile work environment claims, Ms. Nguyen would have needed to file her EEOC charge 180 days after the last alleged incident of harassment occurred on July 31, 2014. *See Morgan*, 536 U.S. at 120 ("A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period.").

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Kennametal Inc.'s motion for summary judgment (Doc. 46) is GRANTED and Plaintiff Gai Thi Nguyen's claims are DISMISSED WITH PREJUDICE. Judgment will be entered in favor of Kennametal, Inc.

IT IS SO ORDERED this 20th day of September, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE